United States District Court　　　Southern District of Texas

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Gerry Griggs, | § | Civil Action H-10-4953 |
| | § | |
| Debtor. | § | Bankruptcy H-10-41308 |
| ------------------------------------------ | § | |

## Opinion on Dismissal

1.  *Introduction.*

    In an effort to trash the resolution of another action that Gerry Griggs had filed, he filed a fraudulent petition for involuntary bankruptcy. It will be dismissed.

2.  *Background.*

    At 3:00 p.m. on December 9, 2010, Gerry Griggs was to appear in this court at a hearing scheduled in *Griggs v. Mortgage Electronic Registration Systems, et al.*, 4:10-cv-3128. Griggs – the plaintiff in that case – had sued to stop a mortgage servicer from foreclosing on land his former fiancé and he had pledged against a loan to her alone.

    Thirty-four minutes before the hearing – the fourth – Griggs, on the behalf of the creditor Harris-Haynes, Inc., petitioned for an involuntary bankruptcy against himself. Griggs is a director, president, and secretary of Harris-Haynes, Inc. The company has forfeited its charter.

    Just after the hearing was scheduled to begin, Griggs called this court's case manager and told her that (a) he had just learned that a bankruptcy petition had been filed against him and (b) he thought it stayed all pending matters against him. When she pressed him about who told him of the bankruptcy, he paused and cagily replied "Harris and Haynes." The case manager told him he needed to appear at the hearing. He did not.

    The court withdrew the reference to the bankruptcy court, lifted the stay, and held hearing.

3.  *Dismissal.*

When a court finds that it lacks subject jurisdiction, it may dismiss the case *sue sponte*. Here, Griggs – under the guise of a creditor – has sued himself. The petition of Harris-Haynes, Inc., lacks a semblance of the requirements for a genuine case.

   A.  Corporations that are in bad standing cannot sue others. By letting its legal existence lapse, Harris-Haynes, Inc., has lost its ability to pursue claims it may have in court.

   B.  Only lawyers may file complaints on behalf of a corporation. Here, Griggs – a layman – filed the bankruptcy petition on behalf of Harris-Haynes, Inc. He is attempting to practice law without a license. The signature is illegible and shows no capacity.

   C.  Three creditors are required for involuntary bankruptcy.

   D.  A petition must list claims against the debtor of at least $14,425. Here, the petition lists one debt of only $10,500.

   E.  An insider cannot petition. Griggs as president is an insider to Griggs as debtor.

   F.  Harris-Haynes filed this petition in bad faith. The petition has no schedules or other supporting documentation.

More important, the only conclusion that can drawn from the events surrounding the hearing on December 9th is that Griggs filed this petition in an actively dishonest effort to stop the foreclosure of the property at 107 Sage Road in Houston to the lender. He brought the civil action to establish his rights to the land against the lender and others, and he now wants to avoid the lender's claims in his suit. This

petition is nothing more than another round of his flailing at those for whom he deeded the land in trust.

3.  *Conclusion.*

The petition of Harris-Haynes, Inc., for involuntary bankruptcy against Gerry Griggs will be dismissed.

Signed on December 12, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge